UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BETTY RUTH DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:08-CV- 434 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 12 and 13] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 and 18]. Plaintiff Betty Ruth Davis ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ") denying her benefits, which is the final decision of the Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On August 15, 2006 Plaintiff filed an application for Disability Insurance Benefits ("DIB"), claiming a period of disability which began January 1, 2005. [Tr. 14]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On November 13, 2007, a hearing was held before an ALJ to review the denial of Plaintiff's claim. [Tr. 30-48]. On February 15, 2008, the ALJ found that Plaintiff was not disabled. [Tr. 11-20]. The Appeals Council denied Plaintiff's request for review; thus the decision of the ALJ became the final decision

of the Commissioner. [Tr. 1-3]. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2006.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2005 through her date last insured of June 30, 2006 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following impairments which are severe in combination: osteoarthritis and low back pain (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of medium work.

6. Through the date last insured, the claimant's past relevant work as furniture finisher did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability as defined in the Social Security Act, at any time from January 1, 2005, the alleged onset date, through June 30, 2006, the date last insured (20 CFR 404.1520(f)). [Tr. 16-20].

## II.   DISABILITY ELIGIBILITY

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability.  42 U.S.C. § 423(a)(1). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 423(d)(2)(A).

Whether a DIB claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4.  If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5.  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that

>     accommodates his residual functional capacity and vocational factors
>     (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

**III.   STANDARD OF REVIEW**

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). The Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide

4

questions of credibility." Walters, 127 F.3d at 528. On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

IV. ANALYSIS

On appeal, Plaintiff argues that substantial evidence did not support the ALJ's determination that she had the residual functional capacity ("RFC") to perform medium work. Plaintiff contends that the ALJ erred in determining her RFC by rejecting the medical opinion [Tr. 296-298] of her treating physician, Dr. Luis Pannocchia, M.D., and by failing to articulate any good reasons for doing so. Plaintiff argues that the ALJ's error caused him to make a determination of her RFC that was incorrect and unsupported by the record. Plaintiff further argues that the ALJ's incorrect determination of her RFC led to an improper finding that she was capable of performing her past relevant work. Plaintiff maintains that she was unable to perform basic job functions and was therefore unable to obtain gainful employment for the entire period from January 1, 2005 through June 30, 2006 (the "claim period"). Accordingly, Plaintiff concludes that she was under a disability and was entitled to DIB payments.

The Commissioner, in response, contends that substantial evidence supported the ALJ's determination of Plaintiff's RFC. The Commissioner argues that the ALJ's rejection of Dr. Pannocchia's opinion was proper because the opinion was inconsistent with Plaintiff's record as a whole and because it was based primarily on Plaintiff's self-reporting and subjective complaints and not on "medically acceptable clinical and laboratory diagnostic techniques." [Doc. 18 at 8-9]; 20 C.F.R. § 404.1527(d)(2). The Commissioner also argues that the ALJ's determination of Plaintiff's physical RFC for medium exertion was supported by evidence of the conservative course of

5

treatment prescribed for Plaintiff's back problems throughout the claim period and by evidence of steady improvement in Plaintiff's condition during and immediately after the claim period.

### A. The ALJ's failure to expressly explain the weight accorded to Dr. Pannocchia's opinion was a procedural error.

The ALJ found that Plaintiff "had the residual functional capacity to perform the full range of medium work" throughout the claim period. [Tr. 17]. The ALJ also found that Plaintiff was not precluded from performing her past relevant work as a furniture finisher because the job required no more than medium physical exertion. [Tr. 17]. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. If a person can do medium work, he is also determined to be capable of sedentary and light work. Id. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Id. The phrase "past relevant work" means work that was substantial gainful activity that lasted long enough for a claimant to learn to do it and was performed (either as the claimant actually performed it or as it is generally performed in the national economy ) within the last 15 years or within 15 years prior to the date on which disability must be established. 20 C.F.R. §§ 404.1560; 404.1565(a).

When determining a claimant's RFC, an ALJ is required to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(d). The ALJ "must" give a treating source opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in the case record." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544; see 20 C.F.R. § 404.1527(d)(2). If the ALJ decides not to give controlling weight to the opinion of a treating source, he is required to explain why in his narrative decision. 20 C.F.R. § 404.1527(d)(2); Shelman v. Heckler, 821 F.2d

6

316, 321 (6th Cir. 1987) (stating that while an ALJ is not bound by the opinions of a plaintiff's treating physicians, he is required to set forth some basis for rejecting these opinions). The ALJ is also required to provide in his narrative "good reasons" justifying the weight that he actually gave to the treating source's opinion when reaching his decision. 20 C.F.R. § 404.1527(d)(2); Blakley v. Comm'r of Soc. Sec., No. 08-6270, 2009 WL 3029653 at *1 (6th Cir. September 24, 2009) (remanding a claim to the Commissioner "because the ALJ failed to give good reasons for discounting the opinions of [the claimant]'s treating physicians"). In order to determine the proper weight to give to a treating source's opinion, the ALJ must conduct a six-factor analysis. See 20 C.F.R. § 404.1527(d)(2). The ALJ must consider (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6).

In this case, the ALJ expressly considered the opinion of Dr. Pannocchia in his narrative decision, but did not expressly indicate that he understood the opinion as having been provided by a treating source. [Tr. 19]. A physician is a treating source if he has provided medical treatment or evaluation and has had an ongoing treatment relationship with the claimant "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation [that is] typical for the [treated condition(s)]." Blakley, 2009 WL 3029653 at *7 (quoting 20 C.F.R. § 404.1502). It is clear from the record, and the parties appear to agree, that Dr. Pannocchia met the criteria to be considered a treating source.

The ALJ's narrative decision contains only one paragraph concerning Dr. Pannocchia's opinion:

7

> "As for the opinion evidence, the undersigned has considered the opinion of Dr. Luis Pannocchia of Heartland Medical Center, dated March 11, 2007. While he placed strict limitations on [Plaintiff]'s sitting and standing as well as lifting/carrying, these are *inconsistent with narrative reports* indicating improvement with medication, injection, and physical therapy during the period prior to June 30, 2006. These limitations appear to be *based solely on subjective complaints*. Dr. Pannocchia *did not assign these limitations until well after [Plaintiff]'s date last insured*. Moreover, Dr. Pannocchia's opinion is *inconsistent with the remaining documentary evidence* indicating that [Plaintiff] was improving with treatment." [Tr. 19, emphasis added].

It is clear to the Court that the ALJ expressly provided four reasons, italicized above, for why he rejected Dr. Pannocchia's opinion. Plaintiff argues that these reasons "should not survive scrutiny" because they are not "good reasons" as required by 20 C.F.R. § 404.1527(d)(2). [Doc. 14 at 6]. Before considering whether the ALJ's stated reasons were sufficient to justify *rejecting* Dr. Pannocchia's opinion completely, the Court turns first to the question of whether the stated reasons were sufficient to overcome the general rule that a treating physician's opinion is entitled to controlling weight. The ALJ was required to give Dr. Pannocchia's opinion controlling weight if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in the case record." Wilson, 378 F.3d at 544; see 20 C.F.R. § 404.1527(d)(2). The ALJ stated that he found Dr. Pannocchia's opinion to be inconsistent with "narrative reports" and "documentary evidence" in Plaintiff's record. [Tr. 19]. This inconsistency is sufficient to justify discrediting the opinion and according it less than controlling weight as long as the "narrative reports" and "documentary evidence" mentioned by the ALJ actually amount to "other substantial evidence." See 20 C.F.R. § 404.1527(d)(2). The Court finds that, although the ALJ's references to narrative reports and documentary evidence are vague, there is substantial evidence in the record that conflicts with Dr. Pannocchia's opinion. For

8

example, the Doctor's opinion that Plaintiff was physically capable of sitting for only 10 minutes at a time is at odds with Plaintiff's specific testimony that she sat frequently for periods of 30 minutes and that she spent much of her time watching television, presumably while seated. [Tr. 296, 41, 42]. The Court finds that the ALJ's decision to discredit Dr. Pannocchia's opinion and accord it less than controlling weight was not an error.

Although the ALJ's determination that Dr. Pannocchia's opinion should be *discredited* was properly made, his further determination that the opinion should be *rejected* entirely "[fell] short of the Agency's own procedural requirements." Blakley, 2009 WL 3029653 at *8. A finding by an ALJ that a treating source medical opinion is "inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Id. (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *4). Even inconsistent treating source opinions are "entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. Accordingly, the Court finds that the ALJ erred by failing to expressly state in his narrative decision the weight he gave to Dr. Pannocchia's opinion and by failing to justify that weight with a discussion of the six factors provided in 20 C.F.R. § 404.1527(d)(2)-(6). Having determined that the ALJ committed a procedural error in rendering his decision, the Court declines to make any finding with regard to whether substantial evidence in fact existed to support the complete rejection of Dr. Pannocchia's opinion.

9

Case 3:08-cv-00434-TAV-CCS   Document 19   Filed 01/13/10   Page 9 of 12   PageID #: 62

### B. Under the doctrine of Blakley, the ALJ's procedural error was not harmless and it therefore necessitates remand.

The Court of Appeals for the Sixth Circuit recently stated in Blakley that, even if a reviewing court finds that substantial evidence existed to support an ALJ's determination that a treating source opinion should be rejected, "substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error." 2009 WL 3029653 at *10 (citing Wilson, 378 F.3d at 546 ("[T]o recognize substantial evidence as a defense to non-compliance with § 1527(d)(2) would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law." (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(D)(2001)))). Accordingly, whether the Court agrees with the ALJ that complete rejection of Dr. Pannocchia's opinion was warranted is irrelevant. Further, whether the Court believes that substantial evidence existed to support the ALJ's ultimate determination of Plaintiff's RFC is also irrelevant.

When an ALJ fails to state and justify the weight he accorded to a treating source opinion, a reviewing court must remand the claim unless the ALJ's failure can be characterized as a harmless *de minimis* procedural violation. See Blakley, 2009 WL 3029653 at *10 (citing Wilson, 378 F.3d at 547). A failure to explain the weight given to a treating source opinion is harmless when the "treating source's opinion is so patently deficient that the Commissioner could not possibly credit it" or when the Commissioner has "met the goal of...the procedural safeguard of reasons." Id. A failure to explain is *not* harmless when a reviewing court cannot engage in meaningful review of the ALJ's decision. Id. (citing Wilson, 378 F.3d at 544).

10

In this case, the Court finds that there is nothing in the record to indicate that Dr. Pannocchia's opinion was patently deficient. Dr. Pannocchia's treatment notes and his referral of Plaintiff to physical therapy are, at the very least, not inconsistent with his opinion. The Court also finds that it cannot engage in a meaningful review of the ALJ's rejection of Dr. Pannocchia's opinion because (1) his reasoning was not sufficiently specific to make clear that he recognized that the opinion was from a treating source and therefore due some deference, and (2) he did not explicitly discuss how each of the six factors in 20 C.F.R. § 404.1527(d)(2)-(6) either supported or undercut rejection of the opinion. Accordingly, this case must be remanded. The ALJ did not follow the Social Security Administration's own regulations when considering Dr. Pannocchia's opinion, and his failure to do so was not a harmless error. See Blakley, 2009 WL 3029653 at *10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").

## V. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED**[1] that the Commissioner's Motion for Summary Judgment **[Doc. 17]** be **DENIED**, and that Plaintiff's Motion For Summary Judgment **[Doc. 13]** be **GRANTED** only to the extent that it requests that this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing consistent with this report.

                                            Respectfully submitted,

                                              s/ C. Clifford Shirley, Jr.  
                                            United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).